UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | DOCKET NO. 3:12CR369-RJC |
| ) | |
| v. ) | BILL OF INDICTMENT |
| ) | |
| STEVE KENNETH ROSENE, ) | |
| MARCUS ALAN AVRITT, and ) | |
| BRIAN MATTHEW RICH, ) | 18 U.S.C. § 371 |
| ) | 18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(i) and (iii) |
| Defendants. ) | 18 U.S.C. §§ 1030(a)(4), (c)(3)(A) |
| ) | 18 U.S.C. § 2 |

### THE GRAND JURY CHARGES:

### INTRODUCTION

At all times relevant to this Bill of Indictment:

1. From in or about 2007, to on or about January 4, 2008, Defendants STEVE KENNETH ROSENE, MARCUS ALAN AVRITT, and BRIAN MATTHEW RICH engaged in a conspiracy to unlawfully obtain information consisting of contact and financial information for thousands of consumers ("prospective mortgage customers") throughout the United States who were seeking mortgage loans for home purchases, refinancing, and home equity loans ("mortgage referral information") from one or more protected computers used by LendingTree, LLC ("LendingTree") in and affecting interstate commerce, and to defraud LendingTree of the value of the unlawfully-obtained mortgage referral information.

2. The purpose of the conspiracy was to unlawfully obtain LendingTree's mortgage referral information for commercial advantage and private financial gain by: a) earning money from LendingTree's mortgage referral information; b) circumventing LendingTree's qualification process for lenders and loan brokers authorized to access mortgage referral information; c) circumventing contractual obligations with LendingTree to access mortgage referral information; d) avoiding payment of fees to LendingTree to join LendingTree's Network and gain access to mortgage referral information; e) avoiding payment of fees to LendingTree for specific, select mortgage referral information; and f) avoiding payment of loan closing fees to LendingTree for loans generated from mortgage referral information.

## DEFENDANTS

3. STEVE KENNETH ROSENE was a President and part-owner of Newport Lending Group ("NLG"), a LendingTree Network Lender.

4. MARCUS ALAN AVRITT was a fifty-percent owner and Chief Financial Officer (CFO) of Chapman Capital, Inc. Chapman Capital, Inc. also did business under the name Home Loan Consultants.

5. BRIAN MATTHEW RICH was a fifty-percent owner and Chief Executive Officer (CEO) of Chapman Capital, Inc. Chapman Capital, Inc. also did business under the name Home Loan Consultants.

## LENDINGTREE

6. LendingTree, LLC ("LendingTree") was a limited liability company organized under the laws of the State of Delaware, with its headquarters and principal place of business in Charlotte, North Carolina.

7. LendingTree, a licensed mortgage broker doing business throughout the United States, operated a nation-wide online mortgage lending exchange network ("LendingTree Network") through the Internet using computers in and affecting interstate commerce. Through its computer network, LendingTree facilitated millions of loan requests that resulted in closed loan transactions. LendingTree used computers and web servers located in the Western District of North Carolina in connection with its LendingTree Network.

8. The LendingTree Network provided a marketplace in which consumers seeking home mortgage financing were connected with financial institutions, other lenders and loan brokers offering loans that primarily consisted of mortgage loans for home purchases, refinancing and home equity loans.

9. To insure the financial integrity of lenders selected to participate in the LendingTree Network, LendingTree typically performed credit checks and financial reviews of lenders. LendingTree also checked new lenders against a national antifraud database maintained by the Mortgage Asset Research Institute. LendingTree selected lenders from throughout the country to provide full geographic lending coverage to mortgage loan consumers throughout the United States. Qualified lenders selected by LendingTree ("LendingTree Network Lenders") participated in LendingTree's online mortgage marketplace pursuant to written agreements with LendingTree setting forth rights, terms and obligations between LendingTree and the LendingTree Network Lenders.

10. Mortgage loan consumers accessed the LendingTree Network through the Internet via the web address *www.lendingtree.com*. Through LendingTree's website, mortgage loan consumers utilized online mortgage application forms, known as Qualification Forms ("QFs"), to enter contact

2

and non-public financial data, including social security numbers ("SSNs"), along with information necessary to the mortgage application process. The information submitted through this online process comprised LendingTree's mortgage referral information, known individually as "mortgage leads." The mortgage referral information, consisting of thousands of individual mortgage leads, was valuable information because it consisted of mortgage loan consumers who were ready, willing and financially-able to close on mortgage loans, refinancing loans and home equity loans.

11. LendingTree's Network matched individual consumer mortgage leads with up to four LendingTree Network Lenders based on each consumer's credit data and the LendingTree Network Lenders' lending criteria.

12. Using a proprietary computer system known as Lender Web Apex ("Apex"), LendingTree's Network Lenders were authorized to access mortgage referral information only for matched consumer mortgage leads. LendingTree provided its Network Lenders with remote access to the Apex system in connection with the matched consumer mortgage leads through a log-in process that utilized unique usernames and passwords ("Network Lender log-in credentials"). LendingTree's Apex system included protected computers located in the Western District of North Carolina.

13. LendingTree also provided certain LendingTree employees, known as Apex Administrators, with unique usernames and passwords ("LendingTree administrator log-in credentials") to access the Apex system for purposes of maintenance, management and security of the information contained in the Apex system.

14. LendingTree derived substantial revenues from its mortgage referral information that its proprietary computer system captured and stored on computers used in and affecting interstate commerce. LendingTree derived its revenue from the mortgage referral information through a combination of fees, including: a) fees to join the LendingTree Network, b) fees for each consumer mortgage lead provided to LendingTree Network Lenders, and c) fees for each loan funded and closed by LendingTree Network Lenders based on consumer mortgage leads.

## COUNT ONE
(Conspiracy - 18 USC §371)

15. Paragraphs 1 through 14 of this Bill of Indictment are re-alleged and incorporated herein by reference as though fully set forth herein.

16. From at least in or about 2007, through on or about January 4, 2008, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendants,

STEVE KENNETH ROSENE,
MARCUS ALAN AVRITT, and
BRIAN MATTHEW RICH,

3

did knowingly and intentionally combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury, to commit one or more offenses, that is, to access one or more protected computers used in and affecting interstate commerce without authorization to obtain information therefrom for the purpose of commercial advantage and financial gain and to obtain information therefrom valued in excess of $5,000, a violation of Title 18, United States Code, Sections 1030(a)(2)(C), (c)(2)(B)(i) and (iii), and, to access one or more protected computers without authorization with intent to defraud and by means of such conduct to obtain things of value, a violation of Title 18, United States Code, Section1030(a)(4).

## OBJECTS OF THE CONSPIRACY

17. *Unauthorized Computer Access to Obtain Information.* It was a part and an object of the conspiracy that the defendants intentionally would and did access one or more computers without authorization and would and did obtain information from one or more protected computers used in and affecting commerce for the purpose of commercial advantage and financial gain, a violation of Title 18, United States Code, Sections 1030(a)(2)(C), (c)(2)(B)(i); and that the defendants intentionally would and did access one or more computers without authorization and would and did obtain from one or more protected computers used in and affecting commerce information valued in excess of $5,000, a violation of Title 18, United States Code, Sections 1030(a)(2)(C), (c)(2)(B)(iii).

18. *Unauthorized Computer Access to Defraud.* It was a part and an object of the conspiracy that the defendants knowingly and with intent to defraud would and did access one or more computers without authorization and by means of such conduct furthered the intended fraud and obtained things of value, a violation of Title 18, United States Code, Sections 1030(a)(4), (c)(3)(A).

## MANNER AND MEANS

19. The manner and means by which the defendants carried out the conspiracy included, among others, the use of one or more compromised log-in credentials of LendingTree administrators or LendingTree Network Lenders to gain unauthorized access to LendingTree's Network containing LendingTree's mortgage referral information, including consumer mortgage leads.

## OVERT ACTS

20. In furtherance of the conspiracy, and to accomplish the objects thereof, the defendants and an unindicted co-conspirator identified herein as G.M. committed one or more of the following overt acts in the Western District of North Carolina and elsewhere:

   a. On or about August 17, 2007, a co-conspirator utilizing IP address 74.212.197.98 associated with Chapman Capital, Inc., accessed without authorization one or more LendingTree Network protected computers located in the Western District of North Carolina through the use of compromised LendingTree administrator log-in credentials;

4

b. On or about August 20, 2007, a co-conspirator utilizing IP address 64.60.11.66 associated with Newport Lending Group, accessed without authorization one or more LendingTree Network protected computers located in the Western District of North Carolina through the use of compromised LendingTree administrator log-in credentials;

c. On or about August 20, 2007, an unindicted co-conspirator identified herein by the initials G.M. utilizing IP address 70.165.60.26, accessed without authorization one or more LendingTree Network protected computers located in the Western District of North Carolina through the use of compromised LendingTree administrator log-in credentials;

d. On or about November 15, 2007, a co-conspirator utilizing IP address 74.212.197.98 associated with Chapman Capital, Inc., accessed without authorization one or more LendingTree Network protected computers located in the Western District of North Carolina through the use of compromised LendingTree administrator log-in credentials;

e. On or about November 26, 2007, a co-conspirator utilizing IP address 74.212.197.98 associated with Chapman Capital, Inc., accessed without authorization one or more LendingTree Network protected computers located in the Western District of North Carolina through the use of compromised LendingTree administrator log-in credentials;

f. On or about November 26, 2007, an unindicted co-conspirator identified herein by the initials G.M. utilizing IP address 70.165.60.26, accessed without authorization one or more LendingTree Network protected computers located in the Western District of North Carolina through the use of compromised LendingTree administrator log-in credentials;

g. On or about December 5, 2007, a co-conspirator utilizing IP address 64.60.11.66 associated with Newport Lending Group, accessed without authorization one or more LendingTree Network protected computers located in the Western District of North Carolina through the use of compromised LendingTree administrator log-in credentials;

h. On or about December 6, 2007, a co-conspirator utilizing IP address 74.212.197.98 associated with Chapman Capital, Inc., accessed without authorization one or more LendingTree Network protected computers located in the Western District of North Carolina through the use of compromised LendingTree administrator log-in credentials;

i. On or about December 13, 2007, a co-conspirator utilizing IP address 64.60.11.66 associated with Newport Lending Group, accessed without authorization one or more LendingTree Network protected computers located in the Western District of North

Carolina through the use of compromised LendingTree administrator log-in credentials;

j. On or about December 17, 2007, a co-conspirator utilizing IP address 74.212.197.98 associated with Chapman Capital, Inc., accessed without authorization one or more LendingTree Network protected computers located in the Western District of North Carolina through the use of compromised LendingTree administrator log-in credentials;

k. On or about December 19, 2007, a co-conspirator utilizing IP address 64.60.11.66 associated with Newport Lending Group, accessed without authorization one or more LendingTree Network protected computers located in the Western District of North Carolina through the use of compromised LendingTree administrator log-in credentials;

l. On or about January 4, 2008, a co-conspirator utilizing IP address 74.212.197.98 associated with Chapman Capital, Inc., accessed without authorization one or more LendingTree Network protected computers located in the Western District of North Carolina through the use of compromised LendingTree administrator log-in credentials;

m. On or about January 4, 2008, an unindicted co-conspirator identified herein by the initials G.M. utilizing IP address 70.165.60.26, accessed without authorization one or more LendingTree Network protected computers located in the Western District of North Carolina through the use of compromised LendingTree administrator log-in credentials;

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO THROUGH TWENTY-SEVEN
(Unauthorized Computer Access - Commercial Advantage, Financial Gain
18 USC §§ 1030(a)(2)(C), (c)(2)(B)(i) and 2)

21. Paragraphs 1 through 14 and paragraph 20 of this Bill of Indictment are re-alleged and incorporated herein by reference as though fully set forth herein.

22. On or about the dates below, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendants,

STEVE KENNETH ROSENE,
MARCUS ALAN AVRITT, and
BRIAN MATTHEW RICH,

utilizing IP address 74.212.197.98, did knowingly and intentionally access one or more computers without authorization for purposes of commercial advantage and private financial gain and thereby

6

obtained information from one or more protected computers in and affecting interstate commerce, and did aid and abet each other and others known and unknown to the Grand Jury.

| COUNT | DATE |
|---|---|
| TWO | November 15, 2007 |
| THREE | November 16, 2007 |
| FOUR | November 26, 2007 |
| FIVE | November 27, 2007 |
| SIX | November 28, 2007 |
| SEVEN | November 29, 2007 |
| EIGHT | November 30, 2007 |
| NINE | December 3, 2007 |
| TEN | December 4, 2007 |
| ELEVEN | December 5, 2007 |
| TWELVE | December 6, 2007 |
| THIRTEEN | December 7, 2007 |
| FOURTEEN | December 10, 2007 |
| FIFTEEN | December 11, 2007 |
| SIXTEEN | December 12, 2007 |
| SEVENTEEN | December 13, 2007 |
| EIGHTEEN | December 17, 2007 |
| NINETEEN | December 18, 2007 |
| TWENTY | December 19, 2007 |
| TWENTY-ONE | December 20, 2007 |
| TWENTY-TWO | December 21, 2007 |
| TWENTY-THREE | December 27, 2007 |
| TWENTY-FOUR | December 28, 2007 |
| TWENTY-FIVE | January 2, 2008 |
| TWENTY-SIX | January 3, 2008 |
| TWENTY-SEVEN | January 4, 2008 |

All in violation of Title 18, United States Code, Sections 1030(a)(2)(C), (c)(2)(B)(i) and 2.

### COUNTS TWENTY-EIGHT THROUGH THIRTY-ONE
(Unauthorized Computer Access - Commercial Advantage, Financial Gain
18 USC §§ 1030(a)(2)(C), (c)(2)(B)(i) and 2)

23. Paragraphs 1 through 14 and paragraph 20 of this Bill of Indictment are re-alleged and incorporated herein by reference as though fully set forth herein.

24. On or about the dates below, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

STEVE KENNETH ROSENE,

utilizing IP address 64.60.11.66, did knowingly and intentionally access one or more computers without authorization for purposes of commercial advantage and private financial gain and thereby obtained information from one or more protected computers in and affecting interstate commerce.

| COUNT | DATE |
|---|---|
| TWENTY-EIGHT | December 5, 2007 |
| TWENTY-NINE | December 11, 2007 |
| THIRTY | December 13, 2007 |
| THIRTY-ONE | December 19, 2007 |

All in violation of Title 18, United States Code, Sections 1030(a)(2)(C), (c)(2)(B)(i).

### COUNT THIRTY-TWO THROUGH FIFTY-SEVEN
(Unauthorized Computer Access to Defraud - 18 USC §§ 1030(a)(4), (c)(3)(A) and 2)

25. Paragraphs 1 through 14 and paragraph 20 of this Bill of Indictment are re-alleged and incorporated herein by reference as though fully set forth herein.

26. On or about the dates and times below, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendants,

STEVE KENNETH ROSENE,
MARCUS ALAN AVRITT, and
BRIAN MATTHEW RICH,

utilizing IP address 74.212.197.98, did knowingly and with intent to defraud access one or more protected computers without authorization and by means of such conduct furthered the intended fraud and obtained something of value, that is, mortgage referral information and mortgage leads, and did aid and abet each other and others known and unknown to the Grand Jury.

| COUNT | DATE |
|---|---|
| THIRTY-TWO | November 15, 2007 |
| THIRTY-THREE | November 16, 2007 |
| THIRTY-FOUR | November 26, 2007 |
| THIRTY-FIVE | November 27, 2007 |
| THIRTY-SIX | November 28, 2007 |
| THIRTY-SEVEN | November 29, 2007 |
| THIRTY-EIGHT | November 30, 2007 |
| THIRTY-NINE | December 3, 2007 |
| FORTY | December 4, 2007 |

| FORTY-ONE | December 5, 2007 |
| FORTY-TWO | December 6, 2007 |
| FORTY-THREE | December 7, 2007 |
| FORTY-FOUR | December 10, 2007 |
| FORTY-FIVE | December 11, 2007 |
| FORTY-SIX | December 12, 2007 |
| FORTY-SEVEN | December 13, 2007 |
| FORTY-EIGHT | December 17, 2007 |
| FORTY-NINE | December 18, 2007 |
| FIFTY | December 19, 2007 |
| FIFTY-ONE | December 20, 2007 |
| FIFTY-TWO | December 21, 2007 |
| FIFTY-THREE | December 27, 2007 |
| FIFTY-FOUR | December 28, 2007 |
| FIFTY-FIVE | January 2, 2008 |
| FIFTY-SIX | January 3, 2008 |
| FIFTY-SEVEN | January 4, 2008 |

All in violation of Title 18, United States Code, Sections 1030(a)(4), (c)(3)(A) and 2.

## COUNT FIFTY-EIGHT THROUGH SIXTY-ONE
(Unauthorized Computer Access to Defraud - 18 USC §§ 1030(a)(4), (c)(3)(A) and 2)

27. Paragraphs 1 through 14 and paragraph 20 of this Bill of Indictment are re-alleged and incorporated herein by reference as though fully set forth herein.

28. On or about the dates and times below, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

STEVE KENNETH ROSENE,

utilizing IP address 64.60.11.66, did knowingly and with intent to defraud access one or more protected computers without authorization and by means of such conduct furthered the intended fraud and obtained something of value, that is, mortgage referral information and mortgage leads.

| COUNT | DATE |
|---|---|
| FIFTY-EIGHT | December 5, 2007 |
| FIFTY-NINE | December 11, 2007 |
| SIXTY | December 13, 2007 |
| SIXTY-ONE | December 19, 2007 |

All in violation of Title 18, United States Code, Sections 1030(a)(4)(C), (c)(3)(A) and 2.

9

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

29. Notice is hereby given of 18 U.S.C. §§ 982 and 1030, and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982, 1030, and/or 2461(c):

   a. All property which constitutes or is derived from proceeds of the violations set forth in this bill of indictment;

   b. All property that was used or intended to be used to commit or to facilitate the commission of such violations; and

   c. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) or (b) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendants to the extent of the value of the property described in (a) and (b).

30. The Grand Jury finds probable cause to believe that the following property is subject to forfeiture on one or more of the grounds stated above:

   a. forfeiture money judgment in the amount of at least $1,972,123, such amount constituting the proceeds of the violations set forth in this bill of indictment;

   b. any and all computers and peripheral devices seized in this case.

A TRUE BILL:

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

THOMAS A. O'MALLEY
ASSISTANT UNITED STATES ATTORNEY

10