IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-CR-00369-RJC-DCK

| | |
|---|---|
| USA | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| BRIAN MATTHEW RICH (3) | ) |
| | ) |

**THIS MATTER** is before the Court on the defendant's Motion to Dismiss the Second Superseding Indictment, (Doc. No. 46), and the government's response, (Doc. No. 49).

Federal Rule of Criminal Procedure 12(b)(3)(B) allows a defendant to challenge an indictment prior to trial for failing to state an offense. "[A]n indictment is legally sufficient (1) if it alleges the essential elements of the offense, that is, it fairly informs the accused of what he is to defend; and (2) if the allegations will enable the accused to plead an acquittal or conviction to bar a future prosecution for the same offense." United States v. Rendelman, 641 F.3d 36, 44 (4th Cir. 2011). A court may not dismiss an indictment based on facts that should be developed at trial. United States v. Engle, 676 F.3d 405, 415 (4th Cir. 2012).

Here, Count One of the Second Superseding Indictment alleges a conspiracy to commit various violations of 18 U.S.C. § 1030 through "access without authorization" or in excess of "authorized access" of protected computers, in violation of 18 U.S.C. § 371. (Doc. No. 16 at 4-7). Alleged overt acts recount that "compromised . . . log-in credentials" were used in the offense. (Id. at 5-6). Counts Two through Twenty-Seven and Thirty-two through Fifty-seven detail dates on which the defendant, or persons aided and abetted by the defendant, allegedly accessed protected computers without, or in excess of, authorization. (Id. 7-10). Introductory paragraphs detail the computer system at issue and the alleged relationship of the named co-

1

conspirators to it. (Id. at 1-3). Accordingly, the Court finds that the indictment sufficiently alleges the essential elements of the offenses and protects the defendant from double jeopardy.

The defendant asks the Court to assume that co-defendant Steve Rosene held a valid log-in credential that was the exclusive means by which the computer system was accessed; thus, dissemination and use of information gained with the assumed valid credential did not violate the statute charged. (Doc. No. 46: Motion at 7-9). The Court is prohibited from determining such facts prior to the government's opportunity to present its case at trial.

**IT IS, THEREFORE ORDERED** that the defendant's Motion to Dismiss, (Doc. No. 46), is **DENIED**.

Signed: September 3, 2013

Robert J. Conrad, Jr.
United States District Judge