IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-CR-00369-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BRIAN MATTHEW RICH (3) | ) | UNDER SEAL[1] |
| | ) | |

**THIS MATTER** is before the Court upon the defendant's Motion for Continued Release

Pending Appeal, pursuant to 18 U.S.C. § 3143(b). (Doc. No. 98). At the sentencing hearing, the

government objected to this anticipated motion. For the reasons stated below, the Court will

deny the motion.

The defendant pled guilty to conspiracy to violate provisions of 18 U.S.C. § 1030, which

prohibits accessing protected computers without authorization, in violation of 18 U.S.C. § 371.

(Doc. No. 60: Plea Agreement at 1; Doc. No. 19: Entry and Acceptance of Guilty Plea). The

Plea Agreement allowed the defendant to appeal the Court's Order, (Doc. No. 58), denying his

pretrial Motion to Dismiss, (Doc. No. 46). (Doc. No. 60: Plea Agreement at 1).

Following the defendant's sentencing hearing, the Court allowed him to remain on

conditions of release pending designation to a Bureau of Prisons institution. 18 U.S.C. §

3143(a)(1). The instant motion states the defendant has now been directed to self-report on

October 29, 2014, to serve his sentence. (Doc. No. 98: Motion at 2). To remain released pending

appeal, a defendant must show that the appeal is not for the purpose of delay and raises a

substantial question of law or fact likely to result in reversal, a new trial, a sentence without

---

[1] This Order is filed under seal because it refers to matters in the Factual Basis, (Doc. No. 61),
and Presentence Report, (Doc. No. 69), which were filed under seal. L. Cr. R. 55.1(H).

imprisonment, or a sentence reduced below the time necessary for an appeal. 18 U.S.C. § 3143(b)(1)(B).

The defendant claims his appeal raises a substantial question of law and fact likely to result in reversal, that is, the government failed to allege a cognizable federal offense. (Doc. No. 98: Motion at 3). He relies on WEC Carolina Energy Solutions, LLC v. Miller, 687 F.3d 199 (4th Cir. 2012), in which the United States Court of Appeals for the Fourth Circuit found that 18 U.S.C. § 1030 was not violated by an employee who accessed company information with authorization, but later used that information for an unauthorized purpose after he went to work for a competitor. Id. at 202, 207. Here, the details in the Factual Basis, (Doc. No. 61), and Presentence Report (PSR), (Doc. No. 69), to which the defendant stipulated, show much more than mere misuse of information by a former employee.

The defendant's company never had a business relationship with LendingTree, LLC entitling it to customer information submitted to the on-line mortgage lending exchange. (Doc. No. 69: PSR at ¶ 21). Yet, the defendant and his business partner paid a co-conspirator approximately $334,500 for mortgage leads from the LendingTree Network and log-in credentials to access that computer system directly. (Id.). The defendant and his business partner used the credentials of legitimate LendingTree customers and a LendingTree employee to access the computer system between September 11, 2007, and January 4, 2008. (Id.). Thus, considering the issues noted by the defendant his motion and the entire record of this case, the Court finds that he has failed to establish that reversal is likely on appeal.

**IT IS, THEREFORE, ORDERED** that the defendant's motion, (Doc. No. 98), is **DENIED** and that he shall report for service of his sentence as notified by the United States Marshal. Until then, all previously imposed conditions of release remain in effect.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: October 21, 2014

Robert J. Conrad, Jr.
United States District Judge

SEALED DOCUMENT with access to Specified Parties/Defendants.